IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:14CR144

KEVIN LEE BENNETT,

    Petitioner.

## MEMORANDUM OPINION

Kevin Lee Bennett, a federal inmate proceeding *pro se*, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 35).[1] The Government has responded, asserting that Bennett's § 2255 Motion is barred by the statute of limitations. (ECF No. 43.) Bennett filed an "OPPOSITION TO GOVERNMENT'S REQUEST TO FILE 'OUT OF TIME,'" but he fails to address the Government's arguments.[2] For the reasons set forth below, Bennett's § 2255 Motion will be denied as untimely.

## I. PROCEDURAL HISTORY

On October 27, 2014, Bennett pled guilty to possession of a firearm during and in furtherance of drug trafficking (Count Two). (ECF No. 17, at 1–2.) On January 28, 2015, the Court sentenced Bennett to 240 months of imprisonment, and Counts One and Three were

---

[1] Bennett titled his motion, "ACTUAL INNOCENCE OF SENTENCING ENHANCEMENT 28 U.S.C. § 2255." (§ 2255 Mot. 1 (emphasis omitted).)

[2] Bennett contends that the Government's response was untimely and that the Court should deny the Government's request for an extension of time. (ECF No. 44, at 1–4.) However, on February 8, 2018, the Court granted the Government's motion for an extension of time and deemed the response timely filed. (ECF No. 42, at 1.)

dismissed upon motion of the Government. (ECF No. 29, at 1–2.) Bennett filed no appeal. On August 30, 2017, Bennett filed the instant § 2255 Motion. (ECF No. 35, at 5.)[3]

In his § 2255 Motion, Bennett contends that he is entitled to relief because the Court improperly found him to be a career offender under the United States Sentencing Guidelines. (*Id.* at 2–5.)

## II. ANALYSIS

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2255 to establish a one-year period of limitation for the filing of a § 2255 Motion. Specifically, 28 U.S.C. § 2255(f) now reads:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

---

[3] Bennett did not file on the standardized form for filing a § 2255 motion, therefore, the statement about the date upon which he delivered the motion to prison officials for mailing was not included. Nevertheless, Bennett indicates that he submitted his § 2255 Motion on this date. The Court deems the § 2255 Motion filed as of that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

2

## A. The Statute of Limitations Bars Bennett's § 2255 Motion

Because Bennett did not appeal, under 28 U.S.C. § 2255(f)(1), his conviction became final on Wednesday, February 11, 2015, the last date to file an appeal. *See United States v. Clayton*, No. 3:07cr488, 2010 WL 4735762, at *3 (E.D Va. Nov. 15, 2010) (citing *Arnette v. United States*, Nos. 4:01CR16, 4:04CV122, 2005 WL 1026711, at *4 (E.D. Va. May 2, 2005)); Fed. R. App. P. 4(b)(1)(A) (requiring defendant to file an appeal within fourteen (14) days of the entry of judgment). Hence, Bennett had until Thursday, February 11, 2016, to file any motion under 28 U.S.C. § 2255. Because Bennett did not file his § 2255 Motion until August 30, 2017, more than a year and a half after that date, the § 2255 Motion is untimely under 28 U.S.C. § 2255(f)(1). Unless Bennett demonstrates a viable basis for a belated commencement of the limitation period under 28 U.S.C. § 2255(f)(2)–(4) or any equitable reason for not enforcing the limitation period, the action is barred by the statute of limitations.

Bennett offers no argument for a belated commencement or equitable tolling. Accordingly, the § 2255 Motion (ECF No. 35) will be DENIED as untimely.[4]

---

[4] The Government also correctly notes that Bennett's underlying challenge to his status as a career offender under the guidelines is not cognizable on collateral review. *United States v. Newbold*, 791 F.3d 455, 459 (4th Cir. 2015) (noting that a career offender designation under the guidelines is not cognizable on collateral review); *United States v. Pregent*, 190 F.3d 279, 283–84 (4th Cir. 1999) (explaining that "[b]arring extraordinary circumstances" an error in the calculation of the sentencing guidelines is not cognizable in a § 2255 motion). Thus, even if the § 2255 Motion was timely, it would fail to state a cognizable claim for § 2255 relief.

3

## III. CONCLUSION

For the foregoing reasons, Bennett's § 2255 Motion (ECF No. 35) will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 10 January 2019
Richmond, Virginia

/s/ /s/
John A. Gibney, Jr.
United States District Judge